AO 91 (Rev. 11/11)   Criminal Complaint

**FILED**
Nov 30 2022
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) |
|---|---|
| v. | ) |
| Nicholas Addleman | ) Case No. 3-22-mj-71552 MAG |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of 10/14/2022 in the county of San Francisco in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of firearm and ammunition |
| | Maximum Penalties: |
| | • Imprisonment: 15 years (18 U.S.C. § 924(a)(2)) |
| | • Fine: $250,000 (18 U.S.C. § 3571) |
| | • Supervised Release: 3 years (18 U.S.C. § 3583(b)(2)) |
| | • Special Assessment: $100 (18 U.S.C. § 3013) |
| | • Forfeiture of firearm and ammunition (18 U.S.C. § 853(a)) |

This criminal complaint is based on these facts:

See attached affidavit of FBI Task Force Officer Robert Trujillo

☒ Continued on the attached sheet.

/s/ Robert Trujillo
*Complainant's signature*

Approved as to form: */s/ Leif Dautch*
Assistant U.S. Attorney

Robert Trujillo, FBI Task Force Officer
*Printed name and title*

Sworn to before me by telephone.

Date: 11/30/2022

*Judge's signature*

City and state: San Francisco, California

Hon. Alex G. Tse, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT

I, Robert Trujillo, a Task Force Officer ("TFO") with the United States Department of Justice, Federal Bureau of Investigation ("FBI"), being duly sworn, state:

### INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant for Nicholas Addleman for being a felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1) (hereafter, the "Target Offense"), on or about October 14, 2022 in the Northern District of California.

### SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience; personal knowledge of the facts and circumstances obtained through my participation in this investigation; information provided by law enforcement officers, including Officers from the San Francisco Police Department (SFPD); information provided by reports prepared by other law enforcement officers; and information provided by databases, including Addleman's criminal history. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

### AFFIANT BACKGROUND

4. I am currently employed as a police officer for the City and County of San Francisco, California. I have been so employed for more than 17 years. I was promoted to the

rank of Sergeant in August 2014.  During the course of my employment, I have worked at Tenderloin Station, Ingleside Station, and Mission Station.  I was assigned to Gang Task Force (GTF) in 2014.  Shortly after being assigned to GTF, I became a task force officer assigned to the Federal Bureau of Investigation's Safe Streets Task Force.

5. GTF is a violent crimes investigation unit, mostly investigating violent street gang crimes, robberies, burglaries, shootings, etc.  Since 2006, I have participated in more than 500 arrests for heroin, cocaine salt, cocaine base, marijuana, methamphetamine, and other illegal narcotics.  I have participated in over 100 search warrant services.  I have personally conducted street level surveillance operations which led to the arrests of gang members.  I have personally interviewed gang members, specifically Norteño, Sureño, and Mara Salvatrucha 13 ("MS-13") gang members.  Through these conversations, I have gained valuable insight and knowledge into the behavior patterns of gang members.

6. I specialize in Hispanic criminal street gangs from the Mission District in San Francisco and the transnational gang MS-13.  Prior to my current assignment, I worked in the Mission District, where a majority of the Hispanic Gangs in San Francisco operate.

7. Along with my experience in conducting large-scale gang investigations, I also have formal education and training in the subjects.  Before I became a police officer, I attended San Jose State University, where I received a Bachelor's degree in Administration of Justice.  I also attended the University of Southern California and obtained my master's degree in Criminal Justice.  During my time as a police officer, I have attended over 10 different formal gang trainings.  As an FBI task force officer, I flew to El Salvador and attended a weeklong training on MS-13 and the 18th Street gang.

8. In addition to attending gang trainings, I have also given various trainings and lectures on criminal street gangs.  Most recently, I lectured at San Francisco State University about criminal street gangs.  I have qualified as a gang expert over 10 times in San Francisco County, San Mateo County, and Contra Costa County Superior Courts.

## APPLICABLE STATUTES

9. Title 18, United States Code, Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

10. The elements of the Target Offense are as follows: (1) defendant knowingly possessed a firearm and ammunition; (2) the firearm and ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States; (3) at the time defendant possessed the firearm and ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm and ammunition, defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

11. On the evening of October 14, 2022, San Francisco Police Officers were on patrol in the Inner Sunset neighborhood of San Francisco, which is in the Northern District of California. Around 7:15 p.m., officers observed Nicholas ADDLEMAN walking eastbound on Judah Street towards a small parking lot, located next to 415 Judah Street. ADDLEMAN was walking with a woman later identified as his wife, J.A. Officers knew ADDLEMAN to be on active parole for a conviction of assault with a firearm and that he was subject to a warrantless search condition authorizing any peace officer to search ADDLEMAN's person, residence, and vehicle at any time.

12. Officers exited their patrol vehicle and detained ADDLEMAN and his wife. Officers conducted a parole search of ADDLEMAN and located an Apple iPhone in his front right pant pocket and a set of keys in his front right jacket pocket. Officers seized the iPhone and keys. The keys located on ADDLEMAN's person appeared to be for a Ford Vehicle. Officers pressed the unlock button on the car key fob, which audibly and visibly unlocked a black Ford F-

150 truck that was parked approximately 25 feet away.

13. Based on ADDLEMAN's possession of the truck keys, the vehicle's close proximity to him, and ADDLEMAN's expanded search condition, officers conducted a parole search of ADDLEMAN's Ford F-150 truck. During the search, Officers noticed that part of the center console appeared to be looser than normal. Officers manipulated the rear portion of the center console by pulling it up, which revealed a hollow portion and hidden compartment. Inside the hidden compartment, officers saw two black semi-automatic firearms. Using a fresh pair of latex gloves, officers seized both firearms and placed them into separate evidence envelopes and secured the envelopes. ADDLEMAN was placed under arrest and transported to the police station.

14. While on scene, officers spoke with JA, who stated she was married to Nicholas ADDLEMAN. She said that the Ford F-150 was registered in her name, but that she did not have any knowledge of firearms located inside the truck. She provided a DNA sample, signed a SFPD Biological Evidence Collection Form, and was released from the scene.

15. At Taraval Police Station, Officers read ADDLEMAN his *Miranda* Rights using a department-issued *Miranda* card. He said that he understood his rights. During the interview, ADDLEMAN told officers that the two firearms in the Ford F-150 belonged to him. Nicholas stated his wife was unaware of the firearms located inside the truck. ADDLEMAN stated there had been numerous shootings recently, and he possessed the firearms in his Ford F-150 to protect himself and his family.

16. Two oral DNA samples were obtained from Nicholas ADDLEMAN and placed into separate SFPD Biological Evidence Collection Forms. ADDLEMAN signed a SFPD Biological Evidence Collection Form in the presence of Officers.

17. Using a fresh pair of latex gloves, officers examined the firearms and observed Firearm #1 to be a loaded, 9mm Glock 43 with an extended magazine, and Firearm #2 to be a loaded, .40 Caliber Glock 23, also with an extended magazine. Officers conducted records checks of both firearms' serial numbers, which revealed no records.



18.     The firearms and ammunition were processed for DNA and submitted to SFPD's Crime Laboratory for comparison to ADDLEMAN'S DNA.  A comparative analysis conducted by the San Francisco Police Department Criminalistics Laboratory found "very strong support" for a positive match between the DNA samples from ADDLEMAN and the loaded 9mm Glock 43 firearm (pictured on the left above), with the probability of the DNA profile on that firearm coming from a random person calculated at 1 in 23.2 trillion.  The swabs from the Glock 23 provided "limited support" for exclusion of ADDLEMAN, but the likelihood ratio for that finding was only 1 in 57.6.  Nonetheless, the charge outlined in this affidavit is focused only on ADDLEMAN's possession of the Glock 43.

### Interstate Nexus of Firearm and Ammunition

19.     An ATF nexus expert was provided with the information regarding the 9mm Glock 43 firearm and ammunition.  The ATF nexus expert determined the Glock 43 firearm and the ammunition were all manufactured outside the state of California.  Based on this information, I believe that the firearm and ammunition was shipped or transported from one state to another state or from a foreign country to the United States before ADDLEMAN possessed it.

### Nicholas ADDLEMAN's Criminal History

20. Prior to the October 14, 2022 incident, ADDLEMAN had been convicted of multiple crimes punishable by imprisonment for a term exceeding one year, which serves as probable cause that ADDLEMAN knew that he was a felon at the time that he possessed the firearm and ammunition.

21. On or about July 5, 2022, ADDLEMAN was convicted of violating California Penal Code section 245(b) – felony assault with a firearm, and California Penal Code section 246 – felony shooting at an inhabited dwelling/vehicle. He was sentenced to nine years in state prison, but was released on parole that day based on having serving more than five years in pretrial custody.

22. ADDLEMAN was also convicted in October 2014 of violating California Penal Code section 4502(a) – prisoner in possession of a weapon, a felony. He was also convicted in March 2015 of unlawful possession of ammunition, a felony under California law.

### REQUEST TO SEAL AFFIDAVIT, CRIMINAL COMPLAINT, AND ARREST WARRANT

23. Based on my training and experience, the disclosure of the existence of this affidavit, the complaint, the arrest warrant, and related documents may cause ADDLEMAN or other co-conspirators, known and unknown at this time, to destroy evidence or to conceal ongoing criminal activity, jeopardizing the progress of the ongoing investigation. I therefore request that the Court seal this affidavit, the complaint, the arrest warrant, and related documents.

### CONCLUSION

24. On the basis of my training and experience, my participation in this investigation, and the information summarized above, there is probable cause to believe that on or about October 14, 2022, in the Northern District of California, ADDLEMAN committed the crime of felon in possession of both a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

/s/ Robert Trujillo
---

Robert Trujillo
Task Force Officer
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this 30th day of November 2022

_____
HONORABLE ALEX G. TSE
United States Magistrate Judge